ersek 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00003-CV







Robert A. Ersek, M.D., Appellant



v.



Cheri Lynn Koester and Robert L. Koester, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 93-07983, HONORABLE PETER M. LOWRY, JUDGE PRESIDING







PER CURIAM


 This is a medical malpractice action arising from a breast augmentation procedure. 
Appellee Cheri Lynn Koester ("Mrs. Koester") and her husband brought suit against appellant Robert
A. Ersek, M.D. ("Dr. Ersek") asserting that the negligence of Dr. Ersek was the proximate cause of
injuries to the Koesters. Following a jury trial, the court rendered judgment in favor of the Koesters. 
We will affirm the judgment of the trial court.



BACKGROUND


 On March 12, 1991, Mrs. Koester sought the services of Dr. Ersek to perform a
breast augmentation procedure. The procedure was performed on April 19. Dr. Ersek inserted
implants under the skin and over the muscle in surgically created pockets. Mrs. Koester experienced a
painful infection in her left breast and was not satisfied with the cosmetic results of the procedure. 

 Dr. Ersek performed a second surgery on May 20 to surgically lower the pockets and
implants in both breasts. At the time of the second operation, Mrs. Koester's left breast remained
infected. Following the procedure, her breasts were not centered on her chest and she still had not
achieved other cosmetic results that she had hoped for. In addition, she now experienced a new pain
that was piercing and "never stopped". On July 18, Mrs. Koester met with Dr. Ersek regarding her
condition. It was not until this meeting that Dr. Ersek informed her that she had a deformity in her
breasts before the first surgery which would make it hard to achieve the end result that she desired. 

 On July 19, Dr. Ersek performed his third surgery on Mrs. Koester. During this
procedure, he altered the size and location of the pockets and inserted larger implants. However, the
condition and appearance of Mrs. Koester's breasts remained unsatisfactory. By this time, the pain in
her left breast had become debilitating. 

 In a continuing effort to improve her condition, Mrs. Koester had three additional
augmentation procedures performed by plastic surgeon Dr. John K. Long. In November 1992, Dr.
Long replaced the larger implants with smaller ones. Through two additional surgeries, Dr. Long was
able to center her breasts and achieve equal size and shape. Although his efforts removed the
Koesters' cosmetic dissatisfaction, the pain in Mrs. Koester's left breast remained. Mrs. Koester
filed suit on July 2, 1993, asserting that the negligent acts of Dr. Ersek caused her nerve damage
resulting in severe pain to her left breast. A jury found that the negligence of Dr. Ersek proximately
caused Mrs. Koester's injury and based on this finding the trial court rendered final judgment that Mrs.
Koester recover $250,000 and her husband recover $10,000 in damages from Dr. Ersek. On appeal,
Dr. Ersek challenges the judgment of the trial court by attacking the sufficiency of the evidence and
asserting that the Koesters' claims were barred by the applicable statute of limitations.



ANALYSIS 

Sufficiency of the Evidence

 In his first two points of error, Dr. Ersek asserts that the evidence was insufficient to
support the jury's finding of proximate cause concerning the Koesters' injuries. (1) In reviewing a challenge
to the factual sufficiency of the evidence, the court must examine all of the evidence. Lofton v. Texas
Brine Corp., 720 S.W.2d 804, 805 (Tex. 1986). The court must set aside the verdict when the evidence
is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly
wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 

 In reviewing the legal sufficiency of the evidence, the court examines the evidence and
inferences that tend to support the jury's findings and disregards all evidence and inferences to the contrary. 
Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). More than a scintilla of evidence
must exist for the jury's findings to be upheld. Id. More than a scintilla of evidence exists where the
evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. 
Id., citing Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994).

 The plaintiff in a medical malpractice action must prove four elements: (1) a duty by the
physician to act according to a certain standard; (2) a breach of the applicable standard of care; (3) an
injury; and (4) a causal connection between the breach of care and the injury. Downing v. Gully, D.V.M.,
P.C., 915 S.W.2d 181, 183 (Tex. App.--Fort Worth 1996, writ denied); Ortiz v. Shah, 905 S.W.2d
609, 610 (Tex. App.--Houston [14th Dist.] 1995, writ denied). The plaintiff must prove, by competent
medical testimony, that the defendant's negligence proximately caused her injury. Duff v. Yelin, 751
S.W.2d 175, 176 (Tex. 1988), citing Hart v. Van Zandt, 399 S.W.2d 791, 792 (Tex. 1965); Bowles
v. Bourdon, 219 S.W.2d 779, 782 (Tex. 1949). This causal connection must be based upon reasonable
medical probability. Bradey v. Rogers, 879 S.W.2d 947 (Tex. App.--Houston [14th Dist.] 1994, writ
denied). This means that the plaintiff must produce evidence that it is "more likely than not" that the harm
resulted from such negligence. Kramer v. Lewisville Memorial Hosp., 858 S.W.2d 397, 400 (Tex.
1993). 

 Without challenging the jury's finding of negligence, Dr. Ersek asserts that the Koesters
failed to prove a causal connection between Mrs. Koester's nerve damage and his allegedly negligent
conduct to justify submission of the issue of negligence to the jury. See Duff, 751 S.W.2d at 176. Dr.
Long testified as the expert witness for the Koesters and stated that he could not state precisely how her
nerve damage occurred and that there were several probable causes of the damage including stretching,
cutting, or in some way damaging nerves in the area of the pocket that was created for the surgical
implantation. 

 Dr. Long's testimony was based upon his expertise as a board certified cosmetic surgeon
and his treatment of Mrs. Koester. He testified concerning four areas of negligence that he believed were
committed by Dr. Ersek. Dr. Long first asserted that Dr. Ersek was negligent in failing to spend sufficient
time with Mrs. Koester before her first surgery to accurately appreciate her anatomy in light of her
expectations. Dr. Long based his comments on a review of Dr. Ersek's operative report prepared before
the first surgery. In the report, Dr. Ersek describes Mrs. Koester as having "nicely shaped breasts" when
in reality they are of different shapes and positioned at different heights. Moreover, Dr. Long testified that
there was a deformity in the left breast that would make it quite difficult to achieve the postoperative results
that Mrs. Koester desired. On this point, Dr. Ersek's expert witness, Dr. James Fox, agreed that the pre-operative description given by Dr. Ersek was incorrect. 

 Dr. Long's second assertion was based on a review of Mrs. Koester's medical records with
regard to the infection in her left breast. Dr. Long observed that Dr. Ersek was negligent in failing to
aggressively treat the infection in the left breast with the correct antibiotic. Although Dr. Ersek had
prescribed an antibiotic to combat any possible infection related to the surgery, an infection still resulted. 
Despite her allergic reaction to the antibiotic, Dr. Ersek ordered that Mrs. Koester continue to take it in
the prescribed dosages.

 Thirdly, Dr. Long asserted that it was negligent for Dr. Ersek to perform the second surgery
on Mrs. Koester's left breast before the infection had been cured. The antibiotic prescribed by Dr. Ersek
was ineffective to combat her infection. Although Dr. Ersek was aware of this fact, he still performed
surgery on the inflamed breast. Dr. Long testified that under the normal standard of care, a physician would
not perform cosmetic surgery on a patient exhibiting signs of infection.

 In his fourth and final assertion, Dr. Long concluded that Dr. Ersek acted negligently in
permanently injuring the nerves in Mrs. Koester's left breast. Dr. Long noted that it is recognized that
following breast augmentation surgery, temporary nerve damage may be experienced in the form of
decreased or increased nipple or skin sensation. Mrs. Koester signed consent forms which discussed the
possibility of this type of nerve damage. However, Dr. Long testified that following consultation with his
colleagues, he concluded that the type of damage sustained by Mrs. Koester was beyond that which is
usually anticipated. Hence, he believed that Dr. Ersek violated the medical standard of care with respect
to Mrs. Koester. Dr. Long concluded that Dr. Ersek's failure to appreciate the anatomy and understand
the appearance and the problem with the left breast probably caused the pocket to be extended too far
laterally which increased the incidence of nerve involvement and was the probable cause of Mrs. Koester's
nerve problem. Dr. Long further testified that the harm inflicted on Mrs. Koester specifically caused her
to experience loss of self-esteem, difficulty with social and physical encounters, shoulder and neck
problems, and chronic pain. Dr. Long opined that Mrs. Koester would experience pain for the remainder
of her life.

 Following our review of the record we conclude that the direct testimony of Dr. Long
provided more than a scintilla of evidence to support the jury's finding of causation by Dr. Ersek. See
Seidenick v. Cal Bayreuther Assocs., 451 S.W.2d 752, 755 (Tex. 1970). Dr. Ersek's first and second
points of error are overruled. 



Limitations

 In his third and final point of error, Dr. Ersek asserts that the trial court erred in denying his
motion for partial summary judgment. Prior to filing his motion, Dr. Ersek asserted in his answer to the
Koesters' original petition that their causes of action were barred by the applicable statute of limitations as
an affirmative defense. See Tex. R. Civ. P. 94. In his motion, he reiterated that the statute of limitations
for medical negligence actions barred the Koesters' causes of action for alleged acts of negligence occurring
on or before April 19, 1991, the date of the first surgery. See Tex. Rev. Civ. Stat. Ann. art. 4590i, §
10.01 (West 1996). (2) He argued that the record is undisputed that the first surgery was performed on April
19, and that Mrs. Koester did not give statutory notice or file a lawsuit within two years of that surgery;
therefore, he argued, the portion of her claim arising out of the surgery on April 19 is barred by limitations. 
The Koesters responded to Dr. Ersek's motion by asserting that he negligently performed each of the three
surgeries and that following the first surgery on April 19, the subsequent surgeries were performed in an
effort to correct difficulties arising from the initial procedure. Based upon the pleadings and the arguments
presented on Dr. Ersek's motion, the trial court found that although a fact question existed as to whether
Dr. Ersek was negligent in his treatment and care of Mrs. Koester and whether he acted within the
applicable standard of care, the claims asserted by the Koesters were not barred by the applicable statute
of limitations. Our review of the record shows that following the court's order denying his motion, Dr.
Ersek failed to raise the limitations issue in any other context, nor did he object to the failure to include a
limitations issue in the court's charge. Dr. Ersek has not preserved any error for our review. See Tex. R.
App. P. 52(a). His asserted error is based solely upon the court's denial of his motion for summary
judgment. It is well settled that an order denying a motion for summary judgment is not a final judgment
and is not reviewable on appeal and preserves nothing for this Court to review. Ackerman v.
Vordenbaum, 403 S.W.2d 362, 365 (Tex. 1966); Steenbergen v. Ford Motor Co., 814 S.W.2d 755,
762 (Tex. App.--Dallas 1991, writ denied); see Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (West
1996); Cameron County v. Alvarado, 900 S.W.2d 874, 878 (Tex. App.--Corpus Christi 1995, no writ
h.). Hence, we overrule Dr. Ersek's final point of error. 



CONCLUSION

 The judgment of the trial court is affirmed.





Before Chief Justice Carroll, Justices Kidd and B. A. Smith; Justice Kidd not participating

Affirmed

Filed: November 6, 1996

Do Not Publish 
1.   Dr. Ersek specifically asserts that the trial court erred in denying (1) his motion for new
trial because the evidence is insufficient to support the jury's answer to question number one
concerning the cause of plaintiff's injuries; and (2) his motion for judgment not withstanding
the verdict because there is no evidence to support the jury's answer to question number one
concerning the cause of plaintiff's injuries. Question number one was set forth as follows:


Did the negligence, if any, of Robert A. Ersek, M.D. proximately cause the
injury, if any, in question?
2.   The statute of limitations as set forth in the act provides:


Notwithstanding any other law, no health care liability claim may be commenced
unless the action is filed within two years from the occurrence of the breach or tort or
from the date the medical or health care treatment that is the subject of the claim or the
hospitalization for which the claim is made is completed. . . .


Tex. Rev. Civ. Stat. Ann. art. 4590i § 10.01 (West 1996). The Texas Supreme court has outlined
three possible dates from which the statute of limitations provision of this statute may begin to run: (1)
the occurrence of the breach or tort; (2) the date of the health care treatment that is the subject of the
claim is completed; or (3) the date the hospitalization for which the claim is made is completed. 
Chambers v. Conaway, 883 S.W.2d 156 (Tex. 1993); Rowntree v. Hunsucker, 833 S.W.2d 103
(Tex. 1992).



 reiterated that the statute of limitations
for medical negligence actions barred the Koesters' causes of action for alleged acts of negligence occurring
on or before April 19, 1991, the date of the first surgery. See Tex. Rev. Civ. Stat. Ann. art. 4590i, §
10.01 (West 1996). (2) He argued that the record is undisputed that the first surgery was performed on April
19, and that Mrs. Koester did not give statutory notice or file a lawsuit within two years of that surgery;
therefore, he argued, the portion of her claim arising out of the surgery on April 19 is barred by limitations. 
The Koesters responded to Dr. Ersek's motion by asserting that he negligently performed each of the three
surgeries and that following the first surgery on April 19, the subsequent surgeries were performed in an
effort to correct difficulties arising from the initial procedure. Based upon the pleadings and the arguments
presented on Dr. Ersek's motion, the trial court found that although a fact question existed as to whether
Dr. Ersek was negligent in his treatment and care of Mrs. Koester and whether he acted within the
applicable standard of care, the claims asserted by the Koesters were not barred by the applicable statute
of limitations. Our review of the record shows that following the court's order denying his motion, Dr.
Ersek failed to raise the limitations issue in any other context, nor did he object to the failure to include a
limitations issue in the court's charge. Dr. Ersek has not