**FORT BEND COUNTY, Appellant,**

v.

**Brenda Geannine HEIKKILA & Elwood David Heikkila as Next Friends and Representatives of the Estate of David Elwood Heikkila, Deceased, Appellees.**

No. 01–95–01228–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 4, 1996.

William S. Helfand, Charles T. Jeremiah, Houston, for Appellant.

Robert E. Lapin, Houston, for Appellees.

Before COHEN, O'CONNOR and WILSON, JJ.

## OPINION

COHEN, Justice.

Pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 51.014,[1] Fort Bend County appeals the trial judge's interlocutory order denying its motion for summary judgment based on the official immunity of its employees. We affirm.

## FACTS

On May 1, 1993, two boys died in a fire in Fort Bend County. Fort Bend County Sheriff's Department officers investigated the fire and gathered the remains of the two bodies. The remains of each body were placed in separate containers, and on the order of Justice of the Peace Geick, were transported to the Harris County Medical Examiner's office for autopsies to determine the cause of death.

Although the bodies were burned beyond recognition, officers learned that the individuals might be David Heikkila and Christopher Worthy. Through discussions with the families, Deputy Sheriff Hargrave learned that shortly before his death, Heikkila had taken the cold medicine TheraFlu. Officers sought dental records on the two boys. They found none for Heikkila, but Worthy's records were delivered to the Medical Examiner's office with Worthy's remains.

On May 4, Dr. Espanola of the Medical Examiner's office notified the Sheriff's Department that he could not identify the bodies. Dr. Espanola suggested DNA testing, but also stated that utilizing Worthy's dentist, Dr. Ellis, would be the better way to proceed. On May 5, Dr. Ellis and Dr. Espanola identified the body numbered PA–93–232 as Worthy. Dr. Espanola reported this conclusion to the Sheriff's Department and further stated that the logical conclusion was that body number PA–93–233 must be

1. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.1996) provides, in part:

A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

. . . .

(5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state.

Heikkila. Although satisfied with the identification of Worthy based on the dental records, the Sheriff's Department was not satisfied with Dr. Espanola's conclusion that the other body had to be Heikkila. The Sheriff's Department communicated its dissatisfaction with this conclusion to the Medical Examiner's office and asked it for a definitive identification. Next, the Sheriff's Department, through the efforts of Deputy Hargrave and Lieutenant Klentzman, arranged for DNA tests to be conducted by Baylor College of Medicine on the body numbered PA–93–233.

On May 7, Sheriff's Department representatives met with Dr. Espanola and were given four separately packaged bone samples, two from each body, each was marked with the appropriate autopsy number. These were delivered to Baylor College of Medicine for DNA testing.

On May 21, the Sheriff's Department received toxicology reports on PA–93–232 and PA–93–233. These reports showed the presence of a drug identified as pseudoephedrine in PA–93–232, the body which had previously been identified as Worthy. Deputy Hargrave learned that pseudoephedrine is common in cold and flu medicines. Deputy Hargrave then alerted the Medical Examiner's office that Heikkila had ingested TheraFlu shortly before his death and that the pseudoephedrine should have been found in Heikkila's body and not Worthy's.

Later that same day, PA–93–232 (the body which Drs. Espanola and Ellis had identified as Worthy, but which contained the pseudoephedrine expected to be found in Heikkila's body), was released to Worthy's mother.

On May 24, the DNA testing revealed that PA–93–233 could not be a child of the Heikkilas and that PA–93–232 could not be excluded as a child of the Heikkilas.

The Heikkilas sued Harris and Fort Bend counties, asserting the following:

> In order for the Court and jury to understand why it has become necessary to file this action, Plaintiffs would show that, on or about May 1, 1993, the remains of Decedent [David Heikkila] were collected and obtained by the Fort Bend County Sheriff's Office at the location of 3900 Boothill Road, Fort Bend County, Texas. Fort Bend County agents thereafter released the remains of Decedent to the custody of Harris County Medical Examiner's Office. Subsequently, Decedent's remains were negligently released to a family unrelated to Plaintiffs who promptly had them cremated.

> Plaintiffs would respectfully show that, on the occasion in question, Defendants [Harris and Fort Bend counties] owed Plaintiffs the duty to exercise ordinary care, including the duty to ensure that Decedent's remains were released only to Plaintiffs. Defendants failed to discharge their duty to Plaintiffs and were negligent, with such negligence constituting a proximate cause of Plaintiffs' injuries and damages.

Fort Bend County moved for summary judgment arguing, among other grounds, that it is immune from liability under TEX. CIV.PRAC. & REM.CODE ANN. § 101.021(2) because its employees are entitled to official immunity.

The trial judge denied the motion. Pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 51.014, Fort Bend County appeals the trial judge's interlocutory order.

### SOVEREIGN IMMUNITY BASED ON OFFICIAL IMMUNITY

█ In its first point of error, Fort Bend County asserts it is entitled to sovereign immunity based upon the official immunity of its employees.

█ State agencies are not liable for the negligence of their employees absent a constitutional or statutory provision for liability. *University of Texas Medical Branch v. York*, 871 S.W.2d 175, 177 (Tex.1994). Through the Texas Tort Claims Act,[2] the legislature has waived governmental immunity in certain circumstances. *Id.* The Heikkilas' basis for waiver is section 101.021(2). It provides:

> A governmental unit in the state is liable for:
>
> . . . .

**2.** TEX.CIV.PRAC. & REM.CODE ANN. § 101.001 *et seq.*

(Vernon 1986).

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986).

■■■ Under section 101.021(2), a county is not liable "for the negligence of its employee when the employee has no liability because of official immunity." *DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex.1995). It follows from this language that in a case involving more than one employee, a county is not liable for the negligence of its employees if the employees have no liability because of official immunity. *See Cameron County v. Alvarado*, 900 S.W.2d 874, 879 (Tex.App.— Corpus Christi 1995, writ dism'd w.o.j.) ("On appeal, we must determine whether the summary judgment evidence proves that Gavito and Flores are entitled to official immunity as a matter of law. . . .").

■■■ Official immunity is an affirmative defense. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). Thus, the officers must establish all the elements of the defense as a matter of law. *Id.* A government official is entitled to official immunity from suits arising out of the performance of his (1) discretionary duties, (2) in good faith, (3) while acting within the scope of his authority. *Id.* Thus, the disputed issue is whether the summary judgment evidence proves that the Fort Bend County employees were performing (1) discretionary duties, (2) in good faith, (3) while acting within the scope of their authority.

Initially, a problem arises identifying which employees' actions to examine in light of the summary judgment evidence. Logically, we should look to the plaintiffs' live petition to determine upon whose actions Fort Bend County's alleged liability is predicated. The Heikkilas' petition, however, did not allege negligence by any specific Fort Bend County employee. Rather, it asserted that "Decedent's remains were negligently released to a family unrelated to Plaintiffs who promptly had them cremated." Consequently, it was necessary for Fort Bend County either to specially except to the vagueness of the Heikkilas' petition in order to determine which employees were allegedly negligent (and then prove that those employees are entitled to official immunity) or to present evidence that each employee connected with the release of David Heikkila's remains was entitled to official immunity.

Fort Bend County's evidence consists of the affidavit of Allen Mutchler, the chief deputy sheriff. The affidavit generally addresses the actions of all Sheriff's Department personnel, but it does not establish that **each** employee connected with these events was performing (1) discretionary duties, (2) in good faith, (3) while acting within the scope of his authority, *i.e.*, entitlement to official immunity. Consequently, we hold Fort Bend County has failed to prove as a matter of law that it is entitled to sovereign immunity based on the official immunity of its employees.

We overrule the first point of error.

## SOVEREIGN IMMUNITY

In its second point of error, Fort Bend County asserts it has sovereign immunity because its acts do not constitute a "use of property" within the Tort Claims Act, and its acts caused no harm.

■■■ Because this assertion of sovereign immunity is not based on the official immunity of government employees, we have no jurisdiction to review by interlocutory appeal this point of error. *City of Columbus v. Barnstone*, 921 S.W.2d 268, 271 (Tex.App.— Houston [1st Dist.] 1995, n.w.h.); *Alvarado*, 900 S.W.2d at 878–79; *see* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp. 1996).

We dismiss the second point of error.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

■■■ In its third point of error, Fort Bend County asserts the trial judge should have granted summary judgment because the Heikkilas' claim is for negligent infliction of emotional distress, a cause of action not recognized in Texas.

We cannot consider this point in an interlocutory appeal because it does not assert the defense of official immunity. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.1996); *see also Barnstone,* 921 S.W.2d at 271; *Alvarado,* 900 S.W.2d at 878–79.

We dismiss Fort Bend County's third point of error.

The judgment is affirmed.