In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01278-CV

____________


THE CITY OF HOUSTON, Appellant


V.


SHARON KING AND CARL HUGHES, Appellees






On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 99-18889






O P I N I O N

 Plaintiffs/appellees, Sharon King and Carl Hughes, sued defendant/appellant,
the City of Houston (the City), to recover damages under the wrongful death and
survival statutes, (1) involving the waiver provisions of the Torts Claims Act (TTCA), (2)
for the death of their father, Harrison Hughes. The City brings this accelerated appeal
contesting the trial court's denial of its motion for summary judgment. We affirm.

Facts

 While executing a warrant, a Houston Police Department narcotics team
arrested the subject of the warrant, Manuel Shepherd, without incident in the front
yard of the named residence. The officers then proceeded to the front door, where
they encountered Harrison Hughes (the decedent). The officers brought a battering
ram or "Moby" to the scene, which at some point, landed on the decedent's foot. At
the scene, Houston Fire Department personnel treated a laceration on the decedent's
toe, but the decedent refused transportation to a hospital. Ten days later, he died as
a result of septic shock.

 Although at least eight officers were present at the scene, none saw the Moby
hit the decedent's toe. There are three different versions of how the incident
happened. In each version, the Moby was not necessary for a forced entry. 

 Version One: Officer Douglas MacNaul, who was assigned to carry the Moby,
stated in his affidavit that he leaned the Moby upright against the wall on the outside
of the residence. The Moby then fell on the decedent's toe.

 Version Two: Manuel Shepherd, the subject of the warrant, stated in his
affidavit that he saw the officers drop the Moby on the decedent's foot. From his
vantage point in the front yard, he saw the decedent try to open the burglar bars at the
front of the house for the officers. Rather than wait for the decedent to open the door,
the officers popped the lock to the porch door, pushed the decedent backward, and
dropped the Moby on his foot.

 Version Three: In the police report, Officer Rex Gates stated that the officers
observed the decedent attempt to lock the burglar bars. After the officers shouted,
"Police-search warrant," the decedent backed away from the burglar bars and stood
in the doorway. The front doorway was open. Officer MacNaul dropped the Moby
to the floor upon entry into the house. At that same moment, the decedent stepped
into the officer's path, and the Moby landed on the decedent's foot. 

 Appellees, the decedent's children, sued the City to recover damages under the
Texas Wrongful Death and Survival statutes, involving the waiver provisions of the
TTCA. The City filed a motion for summary judgment, which the trial court denied. 
The City brings this accelerated appeal.

Jurisdiction of Interlocutory Appeals


 A denial of a motion for summary judgment is not a final judgment and is
therefore generally not appealable. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623,
625 (Tex. 1996). However, appellate courts have jurisdiction to consider immediate
appeals of interlocutory orders if a statute explicitly provides appellate jurisdiction. 
Stary v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998); see also Tex. Civ. Prac. &
Rem. Code Ann. § 51.014 (Vernon Supp. 2002) (statutory list of appealable
interlocutory orders). We construe the statute authorizing interlocutory appeals
strictly because it "is a narrow exception to the general rule that only final judgments
and orders are appealable." Texas Dep't of Transp. v. City of Sunset Valley, 8 S.W.3d
727, 730 (Tex. App.--Austin 1999, no pet.) (citing America Online, Inc. v. Williams,
958 S.W.2d 268, 271 (Tex. App.--Houston [14th Dist.] 1997, no pet.)). 

Jurisdiction of Official Immunity Claims by Interlocutory Appeal

 The City's appellate brief does not address how appellate jurisdiction is
conferred on this Court to consider the interlocutory appeal. The City's motion for
summary judgment argues that the City is entitled to derivative immunity based on
the police officers' official immunity. We therefore have jurisdiction under section
51.014(5) of the Civil Practice and Remedies Code, which provides that a person may
appeal from an interlocutory order of a district court that "denies a motion for
summary judgment that is based on an assertion of immunity by an individual who
is an officer or employee of the state or a political subdivision of the state." Tex.
Prac. & Rem. Code § 51.014(5); Scott v. Britton, 16 S.W.3d 173, (Tex.
App.--Houston [1st Dist.] 2000, no pet.). 


 Official Immunity Claims


 Official or qualified immunity protects governmental employees in their
individual capacity, whereas sovereign immunity protects governmental entities from
liability. DeWitt v. Harris County, 904 S.W.2d 650, 653 (Tex. 1995). When a
governmental employee has no liability because of official immunity, the
governmental entity is not liable under the TTCA for that employee's negligence. Id.
at 653-54.

 Government employees are entitled to official immunity arising from the
performance of their (1) discretionary duties in (2) good faith as long as they are (3)
acting within the scope of their authority. City of Lancaster v. Chambers, 883
S.W.2d 650, 653 (Tex. 1994). Appellees concede that the incident involved a
decision requiring the officers' discretion--whether to bring a Moby to the scene in
case a forced entry was necessary. Appellees also concede that the officers acted
within the scope of their authority. The remaining issue is whether the summary
judgment evidence conclusively established the "good faith" element of the official
immunity defense.


 Good Faith


 To establish good faith, a government official must show that his acts were
within the realm of what a reasonably prudent government official could have
believed was appropriate at the time in question. Id. at 656-57; Thomas v. Collins,
960 S.W.2d 106, 113 (Tex. App.--Houston [1st Dist.] 1997, pet. denied). To
controvert a government official's summary judgment proof on good faith, the
plaintiff must show that no reasonable person in the officer's position could have
thought the facts were such that they justified the officer's acts. Chambers, 883
S.W.2d. at 657. The good faith standard is not equivalent to a general negligence test,
which addresses what a reasonable person would have done, rather than what a
reasonable officer could have believed. Wadewitz v. Montgomery, 951 S.W.2d 464,
467 n.1 (Tex. 1997). Evidence of negligence alone will not controvert competent
evidence of good faith. Id. 

 In order to raise a fact issue, a plaintiff is required to present evidence that "no
reasonable person in the defendant's position could have thought the facts were such
that they justified defendant's acts." Chambers, 883 S.W.2d at 657 (quoting Post v.
City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993)). Magic words are not
required, but there must be objective proof from a qualified witness who, after
reviewing the facts, concludes that no reasonable person in the defendant's position
would have done what the defendant did. Texas Dep't of Pub. Safety v. Tanner, 928
S.W.2d 731, 736 (Tex. App.--San Antonio 1996, no writ). Upon this controverting
proof, the question of good faith must go to a jury to resolve the fact issue. Id. 

 In its motion for summary judgment, the City offered affidavits from various
police officers, who stated that, under the three versions of the incident, Officer
MacNaul's conduct was reasonable. In response, appellees offered an affidavit from
Captain Robin Roberts, who stated that no reasonable officer would have acted as
Officer MacNaul did. Captain Roberts has 14 years experience in law enforcement,
including tenure as a captain of the Tyler Police Department, and has a Master Peace
Officer and Instructor Certificate from the Commission on Law Enforcement Officers
Standards and Education. Additionally, he has participated in and/or supervised the
execution of hundreds of narcotics search/arrest warrants. Captain Roberts stated as
follows:

 After reviewing all of the above evidence, it is my opinion that no
reasonable police officer, under the identical circumstances as those
presented to Officer MacNaul, would have either dropped the "Moby"
directly on [the decedent's] toe or would have placed the "Moby" in an
upright position against the wall in a position where it might fall on [the
decedent].


 Captain Roberts is a qualified witness, who concluded that under the three
possible versions of the incident, no reasonable police officer in Officer MacNaul's
position would have done what Officer MacNaul did. Upon this controverting proof,
the question of good faith must go to a jury to resolve the fact issue. 

 We hold that the summary judgment evidence does not conclusively establish
the good faith element of the official immunity defense. Because the official
immunity of the individual officer was not established, the City was not entitled to
derivative immunity. Jurisdiction of Sovereign Immunity Claims by Interlocutory Appeal

 For the first time on appeal, the City contends that it has sovereign immunity
because: (1) its acts do not constitute a "use" of tangible property; (2) its officers
were reacting to an emergency situation; (3) it was providing police protection; and
(4) the officers' acts were discretionary. See Tex. Civ. Prac. & Rem. Code Ann. §§
101.021(2), 101.055(2), 101.055(3), 101.056 (Vernon Supp. 2002). 

 The City concedes that it raised these issues for the first time on appeal, but
argues that the issues concern subject matter jurisdiction, which may be raised for the
first time on appeal. 

 It is true that subject matter jurisdiction may be raised for the first time on
direct appeal. See Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 445
(Tex. 1993). However, the procedural posture of this case is an interlocutory appeal
in the context of the TTCA. We must determine whether we have interlocutory
jurisdiction. This Court has jurisdiction to consider immediate appeals of
interlocutory orders only if a statute explicitly provides appellate jurisdiction. Stary,
967 S.W.2d at 352-53. The legislature determines, by statute, whether a particular
type of pretrial ruling is appealable before a final judgment is rendered. Tex. Civ.
Prac. & Rem. Code § 51.014. We strictly construe those statutes authorizing
interlocutory appeals. America Online, 958 S.W.2d at 271. The statutory list of
appealable interlocutory orders is set forth at section 51.014 of the Civil Practice and
Remedies Code. Because the City's assertions of sovereign immunity are not based
on the official immunity of government employees, we have no jurisdiction to review
these issues by interlocutory appeal under section 51.014(5). Tex. Prac. & Rem.
Code § 51.014(5); Fort Bend County v. Heikkila, 921 S.W.2d 395, 398 (Tex.
App.--Houston [1st Dist.] 1996, no writ) (dismissing County's issue regarding use
of property because assertion of sovereign immunity not based on employees' official
immunity).

 We then turn to section 51.014(8), which provides that "[a] person may appeal
from an interlocutory order . . . that (8) grants or denies a plea to the jurisdiction by
a governmental unit as that term is defined in Section 101.001." Tex. Civ. Prac. &
Rem. Code § 51.014(8) (emphasis added). Under section 51.014(8), interlocutory
appeal is available only to challenge the granting or denial of a plea to the jurisdiction
by a governmental unit. A defendant files that pleading to urge that the trial court
lacks subject matter jurisdiction. Therefore, section 51.014(8) specifies the
procedural format of a plea to the jurisdiction, which the City did not file. As a
prerequisite in deciding whether we have jurisdiction to address this interlocutory
appeal, we must determine whether the City's motion for summary judgment can be
construed as a plea to the jurisdiction. We recognize that the nature of a pleading is
determined by its substance, not by its format or caption. Tex. R. Civ. P. 71;
Toubaniaris v. Am. Bureau of Shipping, 916 S.W.2d 21, 23 (Tex. App.--Houston [1st
Dist.] 1995, no writ). Its substance is determined by what effect it will have on the
proceeding if granted. Austin Neighborhoods Council, Inc. v. Bd. of Adjustment, 644
S.W.2d 560, 565 (Tex. App.--Austin 1982, writ ref'd n.r.e.). 

 In its motion for summary judgment, the City asserted only that it is entitled to
derivative immunity based on the police officers' official immunity. The City also
detailed the proper motion for summary judgment standard of review. Most
importantly, the City never challenged the trial court's jurisdiction to hear the case. 

 After reviewing the City's answer and motion for summary judgment, we
conclude that the City asserted a motion for summary judgment based on derivative
immunity, not a plea to the jurisdiction based on lack of subject matter jurisdiction. 
Accordingly, we do not have jurisdiction under section 51.014(8) to review by
interlocutory appeal the City's assertions of sovereign immunity. Tex. Prac. & Rem.
Code § 51.014(8). 

Conclusion

 We affirm the trial court's denial of the City's motion for summary judgment. 



 Adele Hedges

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.
1. Tex. Civ. Prac. & Rem Code Ann. §§ 71.002, 71.004, 71.021 (Vernon 1997).
2. Tex. Civ. Prac. & Rem. Code Ann. § 101.001 (Vernon Supp. 2002).