NUMBER 13-02-114-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI





THE CITY OF ALTON , Appellant,



v.



SHARYLAND WATER SUPPLY CORPORATION , Appellee.




On appeal from the 206th District Court

of Hidalgo County, Texas.





MEMORANDUM OPINION

 Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Castillo




 Appellant, City of Alton ("Alton"), brings this interlocutory appeal (1) of the denial of its motion for summary judgment in a
case arising from a dispute with appellee, Sharyland Water Supply Corporation ("Sharyland"), over sanitary sewer
residential service connections in Alton. In two issues, (2) Alton complains that the trial court erred in denying Alton's
traditional motion for summary judgment based on the official immunity of its employee, Israel Sagredo. (3) We affirm. 

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. See Tex. R.
App. P. 47.4.

STANDARD OF REVIEW

 When a defendant moves for summary judgment based on an affirmative defense such as official immunity, the movant
must prove all elements of the defense. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). Accordingly, on
appeal of the denial of a summary judgment based on official immunity, the proper inquiry for the reviewing court is
whether the movant fulfilled its burden to establish official immunity as a matter of law. Cameron County v. Alvarado,
900 S.W.2d 874, 879 (Tex. App.-Corpus Christi 1995, writ dism'd w.o.j.). In making this determination, we apply the
well-established standards for review of summary judgments. (4) City of Pharr v. Ruiz, 944 S.W.2d 709, 712 (Tex.
App.-Corpus Christi 1997, no writ); Holder v. Porter, 845 S.W.2d 442, 443-44 (Tex. App.-Waco 1993, no writ). If we find
that the movant established the affirmative defense of official immunity as a matter of law, we then must consider whether
the non-movant produced summary judgment proof raising a fact issue that would defeat summary judgment on that basis. 
See Gonzalez v. City of Harlingen, 814 S.W.2d 109, 112 (Tex. App.-Corpus Christi 1991, writ denied). OFFICIAL
IMMUNITY

 In order to obtain summary judgment on the basis of governmental immunity, the movant must conclusively establish that
the employee in question was:

 (1) performing discretionary duties; 

 (2) that were within the scope of the employee's authority; and

 (3) the employee acted in good faith.

Telthorster v. Tennell, 45 Tex. Sup. Ct. J. 948, 949, 2002 Tex. LEXIS 97 (June 27, 2002)(citing Chambers, 883 S.W.2d at
653). When a governmental entity asserts sovereign immunity based on its employees' official immunity, it must establish
as a matter of law that each employee alleged to be negligent is entitled to official immunity. Tex. Youth Comm'n v.
Givens, 925 S.W.2d 760, 763 (Tex. App.-Austin 1996, no writ); Fort Bend County v. Heikkila, 921 S.W.2d 395, 398 (Tex.
App.- Houston [1st Dist.] 1996, no writ). If the plaintiffs do not specify the negligence of any particular employee in the
petition, the defendant governmental unit must specially except to the vagueness of the petition in order to determine which
of its employees were allegedly negligent, and then prove that those employees are entitled to official immunity, or prove
official immunity as to each employee connected with the event at issue. Givens, 925 S.W.2d at 763; Heikkila, 921 S.W.2d
at 398.

THE NEGLIGENT-EMPLOYEE QUESTION


 We must therefore first determine which Alton employees were alleged to have been negligent and then consider whether
the summary judgment evidence has established official immunity as to each of those employees. In reviewing the live
petition at the time of the summary judgment, (5) we observe that it does not claim negligence by any specific Alton
employee. Rather, the petition simply alleges that "Alton" was negligent in: 

 (1) failing to properly supervise the construction of the sewer lines;



 (2) failing to recognize that the constructed sewer system would interfere with Sharyland's water mains; and 



 (3) failing to ensure that the sewer lines passed under Sharyland's water lines or at least maintained a certain separation via
a certain method and complied with applicable regulations, statutes and standards. 

Sharyland also alleged that "Alton" was negligent per se in violating a state regulation relating to separation distances
between sewer and water lines. 

 Nothing in the record indicates that Alton filed special exceptions to this petition to seek more specific pleading as to the
employees alleged to be negligent. Therefore, Alton must prove official immunity for each employee connected with the
claimed instances of negligence. Givens, 925 S.W.2d at 763; Heikkila, 921 S.W.2d at 398.

 The claims made against Alton are very broad, and the record on summary judgment does not establish with any certainty
which employees would have been involved with or responsible for supervising, "recognizing," and ensuring the particular
outcome that Sharyland alleges should have occurred or the compliance with the allegedly applicable statute. On summary
judgment, Alton provided evidence only as to one employee, Israel Sagredo, identified as the city administrator. While the
evidence certainly reflects that Sagredo was heavily involved in the sewer system project, it does not establish that he was
the only city employee involved in the alleged negligence. Cf. Heikkila v. Harris County, 973 S.W.2d 333, 335-36 (Tex.
App.-Tyler 1998, pet. denied)(summary judgment evidence specifically identified a certain employee as being "solely
responsible" for the alleged negligent conduct). 

 Moreover, Alton posits in its brief that "Sharyland alleges in response to the City's interrogatories that Israel Sagredo was
negligent" and cites us to Sharyland's responses to interrogatories, which were attached as an exhibit to Alton's motion for
summary judgment. Review of the responses indicates that Sharyland identified a "Joseph Segrato, City Manager" as being
the only Alton employee upon whose negligence the claims in the petition are based. While the similarities in the names
and titles are suggestive, we decline to speculate as to whether "Israel Sagredo, City Administrator" and "Joseph Segrato,
City Manager" are one and the same person. Thus, the summary judgment evidence fails to definitively establish that
Israel Sagredo was the only city employee connected with the claimed instances of negligence. Instead, the evidence
identifies a different alleged Alton employee, "Joseph Segrato," as being the employee on whose negligence Sharyland
relies for its negligence claims against Alton. Therefore, as Alton only provided summary judgment proof as to the official
immunity of Israel Sagredo, we cannot say that Alton established, as a matter of law, that each employee connected with
the alleged negligence is entitled to official immunity. Givens, 925 S.W.2d at 763; Heikkila, 921 S.W.2d at 398. We
overrule both of Alton's issues.

CONCLUSION

 Having overruled both issues on appeal, we affirm the trial court's denial of Alton's motion for summary judgment
pertaining to official immunity.

 

ERRLINDA CASTILLO

Justice

Opinion delivered and filed

this 20th day of February, 2003.

1. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5)(Vernon Supp. 2003). 

2. Specifically, Alton asserts that the trial court should have granted its motion for summary judgment because: (1)
Sagredo is entitled to official immunity; and (2) since Sagredo is entitled to official immunity, Alton's sovereign immunity
as to the negligence claims based on Sagredo's actions remains intact. 

3. A governmental entity's sovereign immunity as to negligence claims remains intact if qualified immunity protects its
employees' actions. De Witt v. Harris County, 904 S.W.2d 650, 653, 654 (Tex. 1995). The entity may therefore bring an
interlocutory appeal under section 51.014(a)(5) for the denial of a summary judgment motion which asserts sovereign
immunity "based on" the official immunity of its employees. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (Vernon
Supp. 2003); Houston v. Kilburn, 849 S.W.2d 810, 812 (Tex. 1993)(per curiam). This is true even where the employees
are not named parties to the lawsuit or where other grounds for relief were also asserted in the motion. City of Beverly
Hills v. Guevara, 904 S.W.2d 655, 656 (Tex. 1995)(per curiam). In such an interlocutory appeal, however, the appellate
court is strictly limited to determining the question of official immunity and the governmental entity's sovereign immunity
to the extent that it is based on such official immunity. Cameron County v. Carrillo, 7 S.W.3d 706, 709 (Tex. App.-Corpus
Christi 1999, no pet.). 

4. These are:

 

 (1) the movant for summary judgment has the burden of showing there is no genuine issue of material fact and that he is
entitled to judgment as a matter of law, Tex. R. Civ. P. 166a(c); Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972); and



 (2) in deciding whether a disputed material fact issue exists, we will accept as true evidence favorable to the non-movant,
and will indulge every reasonable inference, and resolve any doubts, in the non-movant's favor. Am. Tobacco Co. v.
Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). 



See Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

5. Plaintiff's Fourth Amended Petition, Suit for Declaratory Judgment and Suit for Injunctive Relief filed September 10,
2001.