CITY OF CORINTH, Texas, Appellant,

v.

William J. GLADYS and Theresa Gladys, Individually and as Personal Representatives of the Estate of Jason Gladys, Deceased, Appellees.

No. 2–95–081–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 31, 1996.

Rehearing Overruled March 14, 1996.

---

Paul K. Pearce, Jr., Sharis L. Hauder, Robert J. Davis, Fanning, Harper & Martinson, Dallas, for appellant.

Roger D. Brown, Wayne C. Watson, Fort Worth, for appellees.

Before LIVINGSTON, BRIGHAM and HOLMAN, JJ.

## OPINION

LIVINGSTON, Justice.

The City of Corinth appeals the denial of its motion for summary judgment. This interlocutory appeal is allowed because of appellant's claim of qualified immunity pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1996), applicable to suits filed on or after June 14, 1989. In its sole point of error, the City challenges the trial court's denial of its motion for summary judgment based on the qualified immunity of public works director Michael Fairfield. The City's motion for summary judgment was, however, granted on claims brought against it arising out of any vicarious liability for the acts or omissions of its employee, Fairfield. Its motion was denied on the premises liability claim. We affirm.

## FACTUAL SUMMARY

The suit arose out of an automobile accident occurring on June 19, 1991 on Lake Sharon Road in Corinth, Texas. Jason Gladys, the deceased, was a passenger in a car driven by Don Edward Thompson. Thompson's car apparently struck a pothole, causing loss of control of the vehicle. His car hit a tree and turned over on the right passenger side, which resulted in Jason's death. Appellees originally sued the City of Corinth and Michael Fairfield, the City's public works director, alleging negligence and that the City knew or should have known of the condition of the roadway and warned the travelling public accordingly. Also, appellees alleged the pothole was a special defect. The appellees claimed the Texas Torts Claim Act[1] abolished sovereign immunity to the extent of liability asserted in their causes of action. Fairfield filed an original answer asserting his affirmative defense of qualified or official immunity. The City also filed an original answer asserting governmental, sovereign, qualified, or official immunity.[2] Shortly thereafter, Fairfield filed a motion for summary judgment. On February 13, 1995, the suit against Michael Fairfield was severed from the suit against the City of Corinth, and on March 4, 1994, a judgment for Fairfield was signed.

On April 6, 1995, the City filed its first amended original answer and its motion for summary judgment based on its claimed sovereign immunity derivative of Fairfield's qualified immunity. On May 11, 1995, the trial court granted a partial summary judgment in favor of the City on all claims based on the City's vicarious liability for the acts or omissions of its employee, Fairfield. The summary judgment, however, was denied in part on any premises liability claims brought directly against the City under the Texas Tort Claims Act.

## STANDARD OF REVIEW FOR SUMMARY JUDGMENTS

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX. R.CIV.P. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Cate,* 790 S.W.2d at 562; *Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto Ins. Co.,* 896 S.W.2d

---

1. TEX.CIV.PRAC. & REM.CODE ANN. § 101.001 (Vernon 1986 & Supp.1996) (the Texas Tort Claims Act).

2. Neither of the defendants' answers were verified as required by rules 93 and 94 of the Texas Rules of Civil Procedure, but no objections were made.

170, 173 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47.

■ The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

■ When a defendant is the movant, it must either disprove at least one element of the plaintiff's cause of action or plead and conclusively establish each element of an affirmative defense. *Muckelroy v. Richardson I.S.D.,* 884 S.W.2d 825, 828 (Tex.App.—Dallas 1994, writ denied). Generally, an order overruling or denying a motion for summary judgment is not a proper subject for appeal. *Humphreys v. Caldwell,* 888 S.W.2d 469, 470 (Tex.1994); *Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980). An exception exists when a court denies a motion for summary judgment based on an assertion of immunity by an officer or employee of the State or a political subdivision of the State, which is the case here. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.1996).

### APPLICATION

As indicated above, plaintiffs' original causes of action were based on two theories: the negligence of the defendant Michael Fairfield, the public works director, and the resulting vicarious liability of the City of Corinth, as well as premises liability asserted directly against the City. The City contends that the plaintiffs' original petition insufficiently asserted a premises liability claim under section 101.022 of the Texas Tort Claims Act. However, paragraph two of the original petition asserts that "[p]laintiffs would show that the hole was a special defect." The City's "Motion to Strike, or Alternatively, Second Amended Answer of the City of Corinth," denies its liability from suit, asserting derivative immunity under the doctrine of qualified immunity as set forth in sections 101.026 and 101.021(1)(B) of the Texas Tort Claims Act. The thrust of the plaintiffs' first amended original petition, which

was filed on May 8, 1995, was to more clearly assert liability of the City under a claim based on a premise defect and the condition of the premises under sections 101.021 and 101.022 of the Texas Tort Claims Act. Apparently, leave of court was sought and was scheduled to be heard immediately prior to trial of the matter. The record is unclear as to whether appellant's or appellees' motions were ruled on.

■ Pleading amendments sought within seven days of the hearing are to be granted unless there has been a showing of surprise to the opposing party. Absent surprise, failure to obtain leave may be cured by the trial court's action in considering the amended pleading. *Goswami v. Metropolitan Sav. & Loan Ass'n,* 751 S.W.2d 487, 490 (Tex.1988). In *Goswami,* the parties filed an amended petition alleging additional causes of action four days before the summary judgment hearing was set. *Id.* at 490. The Texas Supreme Court, citing rule 63 of the Texas Rules of Civil Procedure, held that a summary judgment proceeding was a trial within the meaning of rule 63 and that therefore, the amended petition was a part of the record before the trial court because the trial court's judgment stated that all pleadings on file were considered by the court. *Id.* The opposite result would occur in regard to responses or opposing affidavits to a motion of summary judgment. *Id.* at 490 n. 1 (citing *INA of Texas v. Bryant,* 686 S.W.2d 614, 615 (Tex.1985)).

Although there are some distinctions between this case and the *Goswami* case in that here the plaintiff filed a motion for leave to file the amended original petition *and* the defendant filed a motion to strike, because neither party required the court to rule on either of its motions, we will presume that the amended petition was considered by the trial court. This presumption is supported by the court's order granting appellant a partial summary judgment and specifically denying a portion of its motion for summary judgment. In pertinent part, the order granting partial summary judgment stated:

Defendant CITY OF CORINTH's Motion for Summary Judgment is GRANTED

with respect to *all* claims brought against the CITY OF CORINTH in this suit for vicarious liability for the acts or omissions of its employee, MICHAEL FAIRFIELD. The Motion for Summary Judgment is DENIED with respect to all claims brought directly against the CITY OF CORINTH for premises liability pursuant to the Texas Tort Claims Act. [Emphasis added.]

It is clear from the court's order that the court considered both the negligence claims as well as the premises liability claims under the Texas Tort Claims Act.

Because appellees did not contest the trial court's grant of summary judgment based upon official immunity on claims against the City through the vicarious liability of Fairfield, we are only addressing that portion of the summary judgment order pertaining to the City's direct premise liability. The City argues that the establishment of Fairfield's qualified immunity protects the City from liability that may exist under section 101.021(2) of the Texas Tort Claims Act, which provides governmental liability for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex.Civ. Prac. & Rem.Code Ann. § 101.021(2) (Vernon 1986). As authority, the City cites to several cases, including *City of Houston v. Kilburn,* 849 S.W.2d 810, 812 (Tex.1993).

The appellees acknowledge that most courts have recognized the principle that an employee's qualified immunity will prohibit a plaintiff's recovery against the governmental unit for claims that may arise under section 101.021(2) of the Texas Tort Claims Act. *K.D.F. v. Rex,* 878 S.W.2d 589, 597 (Tex. 1994) (orig. proceeding); *Kilburn,* 849 S.W.2d at 812; *City of Houston v. Newsom,* 858 S.W.2d 14, 19 (Tex.App.—Houston [14th Dist.] 1993, no writ); *Carpenter v. Barner,*

797 S.W.2d 99, 102 (Tex.App.—Waco 1990, writ denied). *DeWitt v. Harris County,* 904 S.W.2d 650 (Tex.1995), makes this clear. However, *DeWitt* does not control the outcome when a claim is based on the "condition" of property as opposed to its use or misuse.

■ In *DeWitt,* the Supreme Court held that subsection 2 of section 101.021 of the Texas Tort Claims Act should be interpreted similarly to subsection 1, such that if an employee is protected from liability through official immunity, the governmental entity will retain its sovereign immunity also. *Id.* at 654. The *DeWitt* court also cites the *K.D.F.* case and the *City of Houston v. Kilburn* case, stating:

> If the employee is protected from liability by official immunity, the employee is not personally liable to the claimant and the government retains its sovereign immunity *under subsection 1.*[3]

*Id.* at 653 (emphasis added). The question then becomes whether section 101.021(2), which is worded differently, retains the same carry through of limited liability to the governmental entity when the liability is based on one of the types of situations set forth in subsection 2 as opposed to motor-driven vehicles or equipment. *Id.* The court held, "Subsection 2 is also broader because it encompasses governmental liability for a *condition* of real property or tangible personal property. Thus, in addition to liability under principles of respondeat superior, subsection 2 includes governmental liability for premise defects." *Id.* The court focused on the distinctions between the types of liability in subsections 1 and 2, noting that subsection 2 addresses liability based upon the duty of care owed by a governmental unit to a claimant as opposed to liability based upon the actions of its employees. The court continued noting that because there are two distinguishable bases for liability in subsection 2

---

**3.** Subsection 1 states,

property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law.... Tex.Civ.Prac. & Rem.Code Ann. § 101.021(1) (Vernon 1986).

and the limiting language of subsection 101.021(1)(B) could be inapplicable to one of those bases of liability, its omission from subsection 2 does not require a different result for liability based on "use" as opposed to a "condition":

> Accordingly, its absence in subsection 2 does not require the conclusion that the Legislature intended something different for governmental liability based on respondeat superior under subsection 2 than was specified for governmental liability under subsection 1.

*Id.* The specific holding was:

> When, as in this case, the governmental unit's liability under section 101.021(2) is based on respondeat superior for an employee's negligence arising from the misuse of tangible personal property, the liability is derivative or indirect.

*Id.* at 654. Thus, the official immunity of the employee flows through to the governmental entity to create sovereign immunity when the liability is based on the use or "misuse of tangible personal property" by a governmental employee under section 101.021(2) of the Texas Tort Claims Act. *Id.* In light of the *DeWitt* opinion, we agree with the trial court's decision that the City would be immune from any derivative liability.

 But we do not agree with the City's argument that *DeWitt* controls the outcome of the case for the cause of action alleging a premise or a special defect under subsection 2. We hold that sovereign immunity, based on a finding of official immunity on behalf of an employee of a governmental unit, does not exist for claims asserted under subsection 2 of section 101.021 of the Texas Tort Claims Act regarding a condition of tangible personal or real property. For this reason, we affirm the trial court's decision.