**TEXAS YOUTH COMMISSION,**
**Appellant,**

**v.**

**Jeanie Kay GIVENS and Bobby Wayne Givens, Appellees.**

**No. 03–96–00117–CV.**

Court of Appeals of Texas,
Austin.

July 3, 1996.

Rehearing Overruled Aug. 14, 1996.

Lionel J. Castro, Asst. Atty. Gen., Tort Litigation Div., Austin, TX, for appellant.

Gene S. Silverblatt, Killeen, TX, for appellee.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

CARROLL, Chief Justice.

Appellees, Jeanie Kay Givens and Bobby Wayne Givens, brought suit against appellant Texas Youth Commission ("TYC") under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.001 et seq. (West 1986 & Supp.1996). TYC moved for summary judgment on the basis of official immunity, among other things. The district court denied the portion of TYC's motion for summary judgment that was based on the affirmative defense of official immunity. This is an interlocutory appeal of this denial. We will affirm.

## BACKGROUND

We will view the facts in the light most favorable to the nonmovant. On April 19, 1990, Kay Givens, while standing in her backyard in Maxdale, Texas, was approached by Jimmie Cooper who asked her for directions to Killeen. As Givens turned and pointed in the general direction of Killeen, Cooper grabbed her and dragged her through the back door of the house. Despite her attempts to resist and escape, Givens was

raped. Cooper then forced Givens to drive him in her car to Killeen, but Givens was able to escape when they stopped for gas at a convenience store. Givens called the authorities, and Cooper, who had fled with Givens' car, was later captured and arrested.

At the time of the incident, Cooper was a youth under the care and control of the TYC which had been holding him at the maximum security facility in Giddings, Texas. On April 19, 1990, Cooper escaped from the Parrie Haynes Ranch, a minimum security facility in Bell County used by the TYC for supervised recreational outings, and hid inside the Givenses' home until Kay Givens returned from work.

At the time, Cooper's record included criminal trespassing, threatening a police officer with a weapon, drug use, probation violations, damaging school property, and aggravated sexual assault. Cooper had received a ten year prison term which was "undetermined" until he reached his 18th birthday, but in November 1989, the court granted TYC's request to place Cooper under its control and to reduce the unexpired portion of his sentence to a shorter "determined" length of time.

As a result of this incident, the Givenses brought various causes of action against TYC including causes based upon premise defects, condition of property, use of property, failure to replace inappropriate property, failure to supervise property, failure to furnish appropriate property or misuse of property, and "active negligence." TYC filed a motion for summary judgment, asserting among other things, the defense of official immunity. The district court granted certain parts of TYC's motion, but denied that portion based upon official immunity.

### DISCUSSION

■■■ Texas procedure provides that appeals may only be had from final orders or judgments. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992). Interlocutory orders are appealable only if specifically authorized by statute. *Id.* Section 51.014 of the Texas Civil Practice and Remedies Code is one such statute that allows appeal of various interlocutory orders, including an order that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(5) (West Supp.1996).

TYC's sole point of error in this interlocutory appeal complains that the trial court erred in denying TYC's motion for summary judgment based on official immunity. TYC claims that it is entitled to raise the defense of sovereign immunity because Stan DeGerolami, in his capacity as Assistant Superintendent of the Giddings State School, was entitled to official immunity.

Section 101.021 of the Texas Civil Practices and Remedies Code provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, and death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (West 1986).

■■■ Official immunity protects individual governmental officials from liability, while sovereign immunity protects governmental entities from liability. *DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex.1995); *see Dillard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589, 592–93 (Tex.App.—Austin 1991, writ denied) (governmental unit is immune from liability absent constitutional or statutory provision waiving immunity). If an employee of the governmental unit is protected from liability by official immunity, the gov-

ernmental unit's sovereign immunity under subsection 1 of section 101.021 remains intact. *DeWitt*, 904 S.W.2d at 653. When the liability is based on a governmental employee's use or misuse of tangible personal or real property under subsection 2 of section 101.021, the employee's official immunity also passes through to the governmental entity. *Id.* at 654. But, "sovereign immunity, based on a finding of official immunity on behalf of an employee of a governmental unit, does not exist for claims asserted under subsection 2 ... regarding *a condition of tangible personal or real property.*" *City of Corinth v. Gladys*, 916 S.W.2d 618, 623 (Tex.App.—Fort Worth 1996, no writ h.) (emphasis added).

TYC claims that underlying each of the causes of action asserted by the Givenses is the allegation that TYC was negligent in allowing Cooper to attend the outing at the Parrie Haynes Ranch. TYC, however, improperly restructures the Givenses' causes of action. The Givenses alleged seven causes of action or counts which are listed above. TYC only appeals the denial of that portion of its motion for summary judgment concerning official immunity. Thus, we will not address that portion of the denial of TYC's motion for summary judgment relating to premise defects (plaintiffs' Count I) or to condition of property (plaintiffs' Count II) because sovereign immunity based on a claim of official immunity by an employee of TYC does not exist for those two causes involving a condition or tangible personal or real property under section 101.021(2) of the Texas Tort Claims Act. *See id.* Thus, our analysis on appeal will only address TYC's arguments as they pertain to the Givenses' remaining five causes of action.

■ We apply the same standard of review for the denial of a summary judgment as for the granting of a summary judgment. The movant has the burden of establishing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). In reviewing the summary judgment, we indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Id.; Nixon v. Mr. Property Manage-*

*ment Co.*, 690 S.W.2d 546, 549 (Tex.1985). Evidence favorable to the nonmovant must be taken as true. *Randall's Food Markets*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 549.

■ A defendant as movant is entitled to summary judgment if it disproves at least one element of each of the plaintiff's causes of action as a matter of law or if it conclusively establishes all elements of an affirmative defense as a matter of law. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). Official immunity is an affirmative defense. *Id.* "Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority." *Id.*

We must first identify which employees' actions to examine in light of the summary judgment evidence. *Fort Bend County v. Heikkila*, 921 S.W.2d 395, 398 (Tex.App.— Houston [1st Dist.] 1996, no writ h.). In looking at the Givenses' live petition in this case, however, we note that it fails to name a specific TYC employee. Thus, it was necessary for TYC to either specially except to the vagueness of the petition in order to determine which employees were allegedly guilty of wrongdoing (and then allege and prove the defense of official immunity) or present summary judgment evidence that each employee connected with the alleged wrongdoings was entitled to official immunity. *See id.* at 398.

■ TYC improperly characterizes the Givenses' vague petition as including underlying allegations against Stan DeGerolami, the Assistant Superintendent of the Giddings State School, and then attempts to establish its right to sovereign immunity through DeGerolami's official immunity. The summary judgment evidence indicates that multiple TYC employees were involved in the events in question and generally addresses their actions. The evidence does not, however, establish that each of those employees was entitled to official immunity. As a result, TYC failed to prove that it is entitled to sovereign immunity based on the official immunity of its employees as a matter of law.

*See id.* at 398. We overrule TYC's point of error.

## CONCLUSION

We affirm the trial court's denial of the portion of TYC's motion for summary judgment concerning official immunity.