Dwayne A. Ham v. Texas Department of Criminal Justice















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-058-CV

     DWAYNE A. HAM,
                                                                              Appellant
     v.

     TEXAS DEPARTMENT
     OF CRIMINAL JUSTICE,
                                                                              Appellant
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 28587
                                                                                                                

O P I N I O N
                                                                                                               

      Appellant Ham appeals from a judgment that he take nothing in his suit for personal injuries
(under the Texas Tort Claims Act) against the Texas Department of Criminal Justice (TDCJ).
      Appellant, a prison inmate, was helping put a new roof on a one-story house owned by TDCJ
at the Hilltop Unit on August 4, 1993. He slipped from a scaffold that was next to the house and
fell to the ground. Appellant was working under the supervision of TDCJ civilian employee Joe
Jones. Jones made the decision to construct the scaffold. It was 11½ feet high. It failed to
comply with the American National Standards Institute (ANSI) standards which TDCJ policy
required be followed in the construction of scaffolds. Scaffolds over 10 feet high were required
to have guard rails and floor boards, which this scaffold did not have. TDCJ's safety officer
found a great number of major deficiencies in the construction of the scaffold. Appellant slipped
on the scaffold and fell 11 feet to the ground. He suffered permanent injuries to his wrists, has
no real functional use of his hands, and is in continual pain.
      Appellant brought suit against TDCJ under the Texas Tort Claims Act, Texas Civil Practice
& Remedies Code § 101.001, et seq., claiming that the negligent use of tangible property at the
Hilltop Unit proximately caused his injuries.
      Appellee TDCJ answered asserting the defense of official and sovereign immunity.
      Trial was to a jury which found that the negligence of Joe Jones in the use of tangible personal
property did not cause injury to Appellant.
      Prior to submission of the charge to the jury, the court submitted the charge to counsel. 
Pertinent portions of that charge read:
Texas Tort Claims Act and Sovereign Immunity: Sovereign immunity is an affirmative
defense of a state and its agencies against state law claims. The Texas Tort Claims Act
is a limited waiver of sovereign immunity by the State of Texas or one of its agencies. 
It is not a cause of action. The Texas Tort Claims Act, in part, provides that a
governmental unit can be liable for: (2) personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit would,
were it a private person, be liable to the claimant according to Texas Law. Tex. Civ.
Prac. & Rem. Code § 101.021.
 
Plaintiff claims that the negligent condition or use of property at the Hilltop Unit of the
Texas Department of Criminal Justice proximately caused the injury to Dwayne Ham. 
You are instructed that if Defendant Texas Department of Criminal Justice proves by a
preponderance of the evidence that Ham’s injury was not caused by the condition or use
of property at the Hilltop Unit, then Defendant TDCJ is entitled to sovereign immunity
and is therefore not liable.
 
You are instructed that the Texas Tort Claims Act does not apply to claims arising from
the actions of a state employee if the actions were discretionary and were performed in
good faith, while acting within the scope of his authority. Thus, if you find by a
preponderance of the evidence that Joe Jones’ actions were discretionary and were
performed in good faith and while acting within the scope of his employment, then his
acts would not be a negligent use of tangible personal property.

      The court asked plaintiff’s counsel if he had any objections to the charge. Plaintiff’s counsel
responded:
We don’t have any objections to the charge except for the part that begins on page 5
which is Texas Tort Claims Act and Sovereign Immunity. It is plaintiff’s contention that
there was a prison regulation that provided for how scaffolds should be built, and we
believe that it is not discretionary on the part of any of the defendant’s employees. 
Instead that is a ministerial function, which as the cases cited by defendant, such as
Chambers, requires that if it is a ministerial act, it is a question of law for the court to
decide, and there is no official--no sovereign immunity under the Tort Claims Act then.

      The court overruled Appellant’s counsel’s objection.
      The jury thereafter found that the negligence of Joe Jones in the use of tangible personal
property did not proximately cause injury to plaintiff; and the trial court rendered judgment
reciting that TDCJ is entitled to sovereign immunity because the actions of its employee, Joe
Jones, were discretionary and were performed in good faith while acting within the scope of his
authority, and decreed that Appellant Ham take nothing.
      Appellant appeals contending that the trial court erred in charging the jury that Joe Jones, an
employee of Appellee, enjoyed official immunity in his position as a supervisor for TDCJ. 
Appellant argues that assuming Jones had the discretion to determine to erect a scaffold, once he
exercised that discretion, he was bound to follow the TDCJ mandatory policy (TDCJ Occupational
Safety and Health Manual No. 3-I-2, December 24, 1988) as to how the scaffold should be
erected, and that the policy imposed a ministerial duty on Jones, thus removing all discretion.
      The scaffold did not comply with the American National Standards Institute, OSHA standards,
or TDCJ’s policy standards. It did not have guard rails and it did not have flooring as required
by the mandatory standards. TDCJ’s safety officer found a great number of major violations of
mandatory regulations of TDCJ, which included the ANSI standards of construction.
      Before the State of Texas granted the limited waiver of sovereign immunity, the State and its
agencies and political subdivisions had full immunity from liability from torts. State v. Brannon,
111 S.W.2d 347 (Tex. App.—Waco 1937, writ ref’d). The State retains that immunity except to
the extent waived by the Texas Tort Claims Act. Duhart v. State, 610 S.W.2d 740 (Tex. 1980);
Wyse v. Dept. of Public Safety, 733 S.W.2d 224 (Tex. App.—Waco 1986, writ ref’d n.r.e.).
      Section 101.021, Texas Civil Practice & Remedies Code, sets out the state’s waiver of
immunity:
A governmental unit in the state is liable for:
            (1) the property damages, personal injury and death proximately caused by the
wrongful act or omission or the negligence of an employee acting within the
scope of employment if:
                  (A) the property damage, personal injury or death arises from the
operation or use of a motor-driven vehicle or motor-driven equipment;
and
                  (B) the employee would be personally liable to the claimant under
Texas law; and
            (2) personal injury and death caused by a condition or use of tangible personal
or real property if the governmental unit would, were it a private person, be
liable to the claimant according to Texas law.

      This case is governed by subsection (2), supra.
      The waiver of sovereign immunity for injuries caused by the use of tangible personal property
extends to all injuries proximately caused by use of the property, rather than just those proximately
caused by the property itself. Texas Dept. Mental Health etc. v. Petty, 848 S.W.2d 680, 682
(Tex.1992).
      The state or its subdivisions have sovereign immunity from liability if the employee who
committed the act causing damage had official immunity. The employee has official immunity for
official actions which are discretionary, that is, requiring the exercise of personal judgment or
discretion. Tex. Dept. of Criminal Justice v. Watt, 949 S.W.2d 561, 565 (Tex. App.—Waco
1997, no writ). However, a governmental employee’s performance of a duty that is merely
ministerial in nature is not protected by official immunity. Id. A ministerial act is found where
the law prescribes and defines the duty to be performed with such precision and certainty as to
leave nothing to the exercise of discretion or judgment. Actions which require obedience to orders
as the performance of a duty to which the actor has no choice are ministerial. Wyse at 227; City
of Lancaster v. Chambers, 883 S.W.2d 650, 654 (Tex. 1994).
      In this case we think Jones had the discretion to cause a scaffold to be built to facilitate the
re-roofing of the TDCJ house at the Hilltop Unit. But having exercised his judgment and
discretion to cause the scaffold to be built, he was bound to build or cause the scaffold to be built
in accordance with the established TDCJ policy rules and regulations. Thus the act of building
the scaffold became ministerial, and Jones had to cause it to be built according to the mandatory
ANSI and TDCJ policy standards, which required guard rails and surface planking.
      Thus any official immunity Jones had, when he violated the rules of TDCJ in constructing the
scaffold made his actions ministerial, rather than discretionary, and did not pass through to the
state to establish sovereign immunity.
      The court’s instruction to the jury was erroneous in that it was not complete and did not
instruct the jury that if the action of Jones was ministerial that there was no pass through of any
official immunity to the state as sovereign immunity.
      To ask the jury to resolve a dispute without a proper and complete instruction is reversible
error. S.W. Bell Telephone Co. v. Carlo, 843 S.W.2d 470, 472 (Tex. 1992).
      The trial court should have sustained Appellant’s objection to the charge and given a complete
and correct charge. Appellant has preserved his complaint. The test for determining if a party
has preserved error in the jury charge is whether the party made the trial court aware of the
complaint, timely and plainly, and obtained a ruling. State Dept. of Highways v. Payne, 838
S.W.2d 235, 241 (Tex. 1992). Appellant complied with the above.
      Appellant’s contention is sustained, which requires a reversal of the judgment and remand of
the cause to the trial court.
      Moreover, Appellant alleged that he was injured because of the condition of the scaffold under
subsection 2 of § 101.021 of the Tort Claims Act. In such situation there is authority that
sovereign immunity based on a finding of official immunity of an employee of a governmental
unit, does not exist for claims asserted under subsection 2, § 101.021, of the Tort Claims Act
regarding a condition of tangible personal or real property. City of Corinth v. Gladys, 916
S.W.2d 618, 623 (Tex. App.—Fort Worth 1996, no writ); Texas Youth Commission v. Givens,
925 S.W.2d 760, 763 (Tex. App.—Austin 1996, no writ; Rodriquez v. State, 960 S.W.2d 355,
360 (Tex. App.— Corpus Christi 1997, pet. filed); see also dissent by 4 justices in DeWitt v.
Harris County, 904 S.W.2d 650, 655 (Tex. 1995).
      Appellant alleged, among other reasons, that he was injured because of the condition of the
scaffold, that is, in the manner in which it was constructed in violation of safety standards.
      The Corinth, Texas Youth Commission and Rodriquez cases all are subsequent to DeWitt and
distinguish their holdings from the majority opinion in DeWitt. 
    Thus Appellant’s case was tried on the wrong theory, albeit, by consent of the parties, and
Appellant’s case should be remanded additionally in the interest of justice under the rule laid down
in Morrow v. Shotwell, 477 S.W.2d 538, 541, 542 (Tex. 1972); Scott v. Liebman, 404 S.W.2d
288, 294 (Tex. 1966); Littlejohn v. Kariel, 568 S.W.2d 452, 455 (Tex. App.—Waco 1978, no
writ).
      The judgment is reversed and the cause remanded for a new trial.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Reversed and remanded
Opinion delivered and filed January 20, 1999
Do not publish