NUMBER 13-02-535-CV

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG



 
DORIS BROWN,                                                                          Appellant,

v.

ULTRAMAR DIAMOND
SHAMROCK CORP., ET AL.,                                                      Appellees.




On appeal from the 36th District Court
of Live Oak County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Castillo

Memorandum Opinion by Justice Castillo

         Appellant Doris Brown alleged causes of action stemming from a spill of
wastewater onto her property from a Diamond Shamrock


 operation. The trial court
granted Diamond Shamrock's no-evidence motion for summary judgment. By three
issues, Brown complains that: (1) summary judgment was not supported by law or
fact; (2) the trial court abused its discretion in disregarding Brown's summary-judgment evidence; and (3) the trial court abused its discretion in striking Brown's
summary-judgment response. We affirm in part and reverse and remand in part. 
I. THE RECORD
A. Brown's Claims
1. Brown's Live Pleading
         The trial court issued a docket control order that set a pleading deadline of
April 1, 2002. Diamond Shamrock moved for summary judgment on April 18, 2002. 
Brown filed a motion for leave to file her fourth amended petition on May 16, 2002. 
On June 4, 2002, Diamond Shamrock filed a response opposing the motion for leave,
arguing that the amendment came after the pleadings deadline and less than seven
days before the noticed summary-judgment submission date of May 17, 2002. The
record does not reflect a ruling on the motion for leave. As a preliminary matter, we
first determine which pleading was Brown's live pleading for purpose of the summary-judgment proceeding. 
a. Pleading Amendment Deadlines
         We note that a summary-judgment hearing is considered a "trial" for purposes
of rule 63. See Tex. R. Civ. P. 63; see also Goswami v. Metropolitan Sav. & Loan
Assoc., 751 S.W.2d 487, 490 (Tex. 1988). Thus, rule 63 requires leave of court to
amend a pleading within seven days of a summary-judgment hearing. Goswami,
751 S.W.2d at 490. However, rule 63 is liberally construed. Lee v. Key West
Towers, Inc., 783 S.W.2d 586, 588 (Tex. 1989); Diesel Fuel Injection Serv. v.
Gabourel, 893 S.W.2d 610, 611 (Tex. App.–Corpus Christi 1994, no writ). Thus,
Texas appellate courts apply a liberal interpretation in determining whether a trial court
granted leave to file an amended pleading beyond the prescribed deadline. See
Goswami, 751 S.W.2d at 490 (finding that trial court granted leave to file late
pleading where pleading was filed within seven days of summary-judgment
proceeding); see also Johnson v. Rollen, 818 S.W.2d 180, 183 (Tex. App.–Houston
[1st Dist.] 1991, no writ) (finding that trial court granted leave to file late pleading
where pleading was filed after deadline imposed by docket control order). 
         Goswami directs us to presume the trial court granted leave to file a late
pleading even if the filer did not ask for leave when: (1) the record does not reflect
that the trial court did not consider the amended pleading; and (2) no surprise or
prejudice is shown. Lee, 783 S.W.2d at 588; Goswami, 751 S.W.2d at 490; see
Wilson v. Korthauer, 21 S.W.3d 573, 578 (Tex. App.–Houston [14th] 2000, pet.
denied) (holding that resisting party did not prove surprise or prejudice because he did
not secure ruling on motion to strike). We turn to an analysis of the Goswami
presumption. 
b. Goswami Analysis
(1) The Record Prong
         In determining if the record satisfies the first prong of the Goswami
presumption, we consider: (1) whether the amended pleading was part of the record; 
and (2) whether the judgment either states that the trial court considered all the
pleadings on file or is silent on the issue. Id. at 578 (citing Goswami, 751 S.W.2d
at 490). If the answer to each of these questions is yes, the first prong of the test is
met. Korthauer, 21 S.W.3d at 577 (citing Goswami, 751 S.W.2d at 490). Here,
Brown's fourth amended petition was part of the record when the trial court granted
Diamond Shamrock's motion for summary judgment. However, the judgment does not
recite what the trial court considered before ruling. Consequently, while the record
does not reflect that the trial court considered Brown's fourth amended petition, it also
does not reflect that the trial court did not. We find that the first prong of the test for
application of the Goswami presumption is satisfied. See Korthauer, 21 S.W.3d
at 577. 
 

(2) The "Surprise or Prejudice" Prong
         The second prong of the Goswami test focuses on the surprise or prejudice to
the party opposing the filing of the amendment, including whether that party moved
to strike the late-filed pleading. See id. Here, the record shows that Diamond
Shamrock filed a response opposing Brown's motion for leave to file her fourth
amended petition, alleging both surprise and prejudice flowing from the untimely filing.
However, Diamond Shamrock did not file a motion to strike the pleading. When the
resisting party files a motion to strike a late-filed amendment, Texas case law holds
that absent a showing that the resisting party secured a ruling on the motion to strike,
we presume, in accordance with Goswami, that the trial court considered the late-filed
amendment. See Tex. R. App. P. 33.1; see also Korthauer, 21 S.W.3d at 578. We
also presume that the trial court considered a late-filed petition where the record
does not reflect a ruling on either a motion to strike filed by the resisting party or a
motion for leave to amend urged by the late filer. See City of Corinth v. Gladys,
916 S.W.2d 618, 621 (Tex. App.–Fort Worth 1996, no writ) ("[B]ecause neither party
required the court to rule on either of its motions, we will presume that the amended
petition was considered by the trial court."). 
         This case presents a third circumstance: Brown filed a motion for leave, while
Diamond Shamrock filed only a response, not a motion to strike. Application of the
Goswami presumption may appear to place the burden unfairly on the party resisting
the untimely filing instead of on the dilatory party that missed the court-ordered
deadline. See Korthauer, 21 S.W.3d at 578. Nonetheless, we must apply the
presumption to late filers who do not seek leave in the first place and when both a
motion for leave and a motion to strike are filed but not ruled on by the trial court. 
Goswami, 751 S.W.2d at 490; Korthauer, 21 S.W.3d at 578. Given this liberality in
pleading-amendment practice in Texas, we are reluctant to ignore the Goswami
presumption where, as here, the plaintiff filed a motion for leave but did not obtain a
ruling, and the defendant filed a response resisting the late filing but not a motion to
strike. However, we do not read Goswami as mandating application of its presumption
in all cases where the resisting party did not pursue a motion to strike the late-filed
pleading. If that were so, there would be no need for the "surprise or prejudice"
element of the second prong of Goswami; we would consider only whether the
resisting party filed and pursued to a ruling a motion to strike. See Korthauer,
21 S.W.3d at 578 n.2 ("We note that based on the nature of the amendment (i.e., a
clarification rather than a new claim), [the defendant] would not likely have been able
to demonstrate surprise or prejudice in any event."). In this case, we conclude that
Diamond Shamrock's failure to file a motion to strike is only one factor in analyzing the
"surprise or prejudice" prong. See id. 
         Diamond Shamrock asserted in their response to Brown's motion for leave that
the fourth amended petition surprised and prejudiced them, arguing it included claims
precluded by a rule 11 agreement between the parties, discussed in more detail below. 
See Tex. R. Civ. P. 11. After comparing the rule 11 agreement with the fourth
amended petition, we agree. We find that Diamond Shamrock showed surprise or
prejudice sufficient to overcome the second prong of the test for application of the
Goswami presumption that the trial court considered Brown's fourth amended petition
in ruling on Diamond Shamrock's motion for summary judgment.  See Korthauer,
21 S.W.3d at 577 n.2. Accordingly, we hold that Brown's fourth amended petition
was not properly before the trial court at the time it rendered summary judgment for
Diamond Shamrock. Therefore, we conclude that "Plaintiff's Third Amended Original
Petition" filed July 9, 2001, was Brown's live pleading. 
2. Brown's Live Causes of Action
          "Beginning on or about October 18, 1998 and continuing thereafter," Brown
alleged in her third amended petition, "Ultramar and others" trespassed on her property
by causing a flow of "unspecified liquid to traverse across and inundate [her]
property." Further, Brown alleged that Ultramar and others continued a pattern of
contaminating the property with "the same, similar or other substances and materials." 
In addition to the trespass and continuing-trespass claims, Brown alleged other causes
of action: (1) fraudulent concealment and (2) fraudulent misrepresentation regarding
the substances released, their hazardous nature, and cleanup; (3) negligence; (4) gross
negligence; and (5) nuisance. She sought attorney fees and costs, interest, and a
permanent injunction: (1) ordering the defendants to cease and desist from
trespassing on her property; and (2) requiring them to remove the offensive substance
and restore her property to its original condition. 

B. The Rule 11 Agreement
         On March 25, 2002, the parties filed a "Joint Stipulation of Dismissal of Certain
Claims and Parties" (the "Rule 11 Agreement")


 that recited the following stipulations:1.      All Plaintiffs other than Doris Brown desire to dismiss all of their
claims without prejudice. 
 
2.Plaintiff Doris Brown desires to dismiss without prejudice her
claims for bodily injury. 
 
4.


Plaintiff Doris Brown further desires to dismiss without prejudice
her claim that any of the defendants have caused a toxic substance or
other contaminant to enter her property. 
 
5.Plaintiff Doris Brown stipulates that the only claim she is asserting
in this action is that Diamond Shamrock Refining Company, L.P.,
Ultramar Diamond Shamrock Corporation, and Diamond Shamrock
Refining and Marketing Company


 caused water to enter her property
from its irrigation site, resulting in damage to her property. Diamond
Shamrock Refining Company L.P. denies this claim. 

         The parties asked the trial court to enter an order consistent with the
stipulations. On March 25, 2002, the trial court ordered dismissal without prejudice
of the claims identified in paragraphs numbered 1, 2, and 4 above (the "Rule 11
Order"). Diamond Shamrock moved for summary judgment. 

C. The Summary-Judgment Proceedings
1. The Motion for Summary Judgment and Response
         In a no-evidence motion for summary judgment, Diamond Shamrock asserted,
as a result of the Rule 11 Agreement, that Brown's third amended petition was "a
nullity" and should be dismissed "as a ministerial matter." The third amended petition,
Diamond Shamrock contended, did not allege any claims that survived the Rule 11
Order. As additional grounds for summary judgment, Diamond Shamrock asserted: 
(1) there was no evidence of damages; and (2) there was no evidence of causation,
arguing there was no evidence connecting Ultramar or Diamond Shamrock Marketing
to treated wastewater or indicating either company caused treated wastewater to
enter Brown's property. 
         The trial court notified the parties it would submit the motion for summary
judgment on the briefs, without oral argument, on May 17, 2002. Brown filed her
summary-judgment response on May 16, 2002. 
2. The Summary-Judgment Order
         On June 13, 2002, the trial court signed a judgment granting the Diamond
Shamrock defendants' motion for summary judgment (the "Summary Judgment"). 
The Summary Judgment recites in its entirety:
Diamond Shamrock Defendants' Motion for Summary Judgment
and No-Evidence Motion for Summary Judgment is GRANTED. 
 
Accordingly, the Court hereby rules that Plaintiff Doris Brown
TAKE NOTHING by way of her claims against Ultramar Diamond
Shamrock Corporation, Diamond Shamrock Refining Company, L.P[sic],
and Diamond Shamrock Refining and Marketing Company, L.P[sic] and
a TAKE NOTHING JUDGMENT is hereby entered. 
 
ALL RELIEF NOT EXPRESSLY GRANTED HEREIN AS AGAINST
ULTRAMAR DIAMOND SHAMROCK CORPORATION, DIAMOND
SHAMROCK REFINING COMPANY, L.P[sic], AND DIAMOND SHAMROCK
REFINING AND MARKETING COMPANY, L.P[sic] IS DENIED. 

                              3. The Order Striking Brown's Response
         On June 17 [no year],


 the trial court signed an order granting Diamond
Shamrock's motion to strike Brown's response to the summary-judgment motion (the
"Strike Order"). The Strike Order recites, "Accordingly it is ORDERED that Plaintiff's
summary judgment response and summary judgment evidence shall be stricken in their
entirety." 
         This record presents a threshold question of the finality of the Summary
Judgment. We first establish our own jurisdiction. 
II. JURISDICTION
          Our initial inquiry is always whether we have jurisdiction over an appeal. Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993); Garcia v.
Comm'rs Court, 101 S.W.3d 778, 779 (Tex. App.–Corpus Christi 2003, no pet.). We
are obligated to determine, sua sponte, our own jurisdiction. N.Y. Underwriters Ins.
Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990) (per curiam); Garcia, 101 S.W.3d
at 779. Jurisdiction of a court is never presumed. Garcia, 101 S.W.3d at 783. Our
jurisdiction is established exclusively by constitutional and statutory enactments. Id.
at 784; see, e.g., Tex. Const. art. V, § 6; Tex. Gov't Code Ann. § 22.220 (Vernon
1988). Unless one of the sources of our authority specifically authorizes an
interlocutory appeal, we only have jurisdiction over an appeal taken from a final
judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Garcia,
101 S.W.3d at 784. Absent an express grant of authority, we do not have jurisdiction
to review an interlocutory order. Steeple Oil & Gas Corp. v. Amend, 394 S.W.2d 789,
790 (Tex. 1965) (per curiam); see Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon
Supp. 2004). If the record does not affirmatively demonstrate our jurisdiction, we
must dismiss the appeal. Garcia, 101 S.W.3d at 784. 
A. Finality
          A judgment is not final unless it disposes of all pending parties and claims in the
record. Guajardo v. Conwell, 46 S.W.3d 862, 863-64 (Tex. 2001) (per
curiam); Garcia, 101 S.W.3d at 784. There can be no presumption that a motion
for summary judgment addresses all of the movant's claims. McNally v. Guevara,
52 S.W.3d 195, 196 (Tex. 2001) (per curiam). In cases in which only one final and
appealable judgment can be rendered, a judgment issued without a conventional trial
is final for purposes of appeal if and only if it either states with unmistakable clarity
that it is a final judgment or actually disposes of all claims and parties then before the
court, regardless of its language. Lehmann, 39 S.W.3d at 204; Garcia, 101 S.W.3d
at 784. The law does not require that a final judgment be in any particular form. 
Lehmann, 39 S.W.3d at 195; Garcia, 101 S.W.3d at 784. Therefore, whether a
summary-judgment order is a final judgment must be determined from its language and
the record in the case. Lehmann, 39 S.W.3d at 195; Garcia, 101 S.W.3d at 784. 
B. Jurisdictional Analysis
         The Summary Judgment ordered a take-nothing judgment on all of Brown's
claims against Ultramar, Diamond Shamrock Refining, and Diamond Shamrock
Marketing. It contained a "Mother Hubbard" clause disposing of all of Brown's claims. 
We conclude that the Summary Judgment states "with unmistakable clarity that it is
a final judgment." See Lehmann, 39 S.W.3d at 204, 206 ("[A]n order that expressly
disposes of the entire case is not interlocutory merely because the record fails to show
an adequate motion or other legal basis for the disposition."); see also Ritzell v.
Espeche, 87 S.W.3d 536, 538 (Tex. 2002) (per curiam). We hold we have jurisdiction
over this appeal. 
III. DISPOSITION
A. Untimeliness of Brown's Summary-Judgment Response
         In her second issue, Brown contends that the trial court abused its discretion
by not considering her summary-judgment evidence. She asserts in her third issue that
the trial court abused its discretion in striking her summary-judgment response. Brown
argues she filed the response well in advance of the trial court's disposition of the
summary-judgment motion. She notes that the trial court did not sign the Strike Order
until after it signed the Summary Judgment. 
         The summary-judgment rule does not mandate an oral hearing in
all cases.  Gordon v. Ward, 822 S.W.2d 90, 92 (Tex. App.–Houston [1st
Dist.] 1991, writ denied). Parties cannot present oral testimony during a
summary-judgment hearing, so no evidentiary record is created. Jack B. Anglin
Co., Inc. v. Tipps, 842 S.W.2d 266, 269 n.4 (Tex. 1992) (orig. proceeding). As
happened here, a trial court may rule on a summary-judgment motion, without a
hearing, on the basis of the written motion, response, and supporting summary-judgment evidence.  Martin v. Cohen, 804 S.W.2d 201, 202-03 (Tex. App.–Houston
[14th Dist.] 1991, no writ). 
         Nothing in rule 166a sets a time limit for rendering a summary judgment. See
Tex. R. Civ. P. 166a. We note that if the trial court here set a new submission date,
the record does not reflect any notice to the parties. We conclude that the trial court
kept the motion under advisement from May 17, 2002 until it ruled on the motion on
June 13, 2002. Rule 166a required Brown to file her summary-judgment response
"not later than seven days prior to the day of hearing." See Tex. R. Civ. P. 166a(c). 
Brown did not file her summary-judgment response until May 16, 2002, the day before
the date the trial court took the motion under submission. She did not seek leave of
court to file a late response. See id. Accordingly, we hold that the trial court did not
abuse its discretion by not considering Brown's summary-judgment evidence and in
striking her response, even though it formally struck the response only after granting
Diamond Shamrock's motion for summary judgment. See id. We overrule Brown's
second and third issues. 
         The Summary Judgment granted judgment on all of Brown's causes of action,
which at the time of the judgment were: (1) trespass; (2) continuing trespass;
(3) fraudulent concealment; (4) fraudulent misrepresentation; (5) negligence; (6) gross
negligence; and (7) nuisance. On appeal, Brown complains of the trial court's
judgment on five of her causes of action: (1) negligence; (2) gross negligence;
(3) nuisance; (4) trespass; and (5) continuing trespass. Accordingly, we consider
whether Diamond Shamrock is entitled to summary judgment on those claims only. 
See Ortega v. City Nat'l Bank, 97 S.W.3d 765, 771 (Tex. App.–Corpus Christi 2003,
no pet.) (op. on reh'g). Because Brown does not challenge summary judgment on her
fraudulent-concealment and fraudulent-misrepresentation claims, we affirm the trial
court's summary judgment on those causes of action. 
B. No-Evidence Summary-Judgment Standard of Review
         The function of summary judgment is to eliminate patently unmeritorious claims
and defenses, not to deprive litigants of the right to a jury trial. City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 n. 5 (Tex. 1979); Swilley v. Hughes,
488 S.W.2d 64, 68 (Tex. 1972). On appeal, the standard of review for the grant of
a motion for summary judgment is determined by whether the motion was brought on
no-evidence or traditional grounds. Tex. R. Civ. P. 166a(i), (c); Ortega, 97 S.W.3d
at 771. The difference in relative burdens between the parties in the two types of
summary-judgment motions is significant. Id. Determination of the nature of the
motion for summary judgment under analysis is critical. Id. 
         Here, the motion for summary judgment unambiguously stated that summary
judgment "is required under Rule 166a(i) of the Texas Rules of Civil Procedure." We
conclude that Diamond Shamrock presented only a no-evidence motion for summary
judgment. A no-evidence motion asserts that there is no evidence of one or more
essential elements of a claim on which the adverse party will bear the burden of proof
at trial. Tex. R. Civ. P. 166a(i). We apply the same legal-sufficiency standard of
review to a no-evidence summary judgment as we apply to a directed verdict. Ortega,
97 S.W.3d at 772. To raise a genuine issue of material fact and thus defeat a
no-evidence motion for summary judgment, the nonmovant only needs to
produce a scintilla of probative evidence. Id. "Less than a scintilla of evidence
exists when the evidence is 'so weak as to do no more than create a mere surmise or
suspicion' of a fact." Id. (citing Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex.
App.–San Antonio 1998, pet. denied) (quoting Kindred v. Con/Chem, Inc.,
650 S.W.2d 61, 63 (Tex.1983))). Conversely, more than a scintilla exists when
the evidence "rises to a level that would enable reasonable and fair-minded people to
differ in their conclusions." Ortega, 97 S.W.3d at 772 (quoting Transp. Ins. Co. v.
Moriel, 879 S.W.2d 10, 25 (Tex.1994)). The movant has no burden to attach any
evidence to a no-evidence motion for summary judgment. Tex. R. Civ. P. 166a(i);
Ortega, 97 S.W.3d at 772. The nonmovant bears the entire burden of producing
evidence to defeat a no-evidence motion for summary judgment. Ortega, 97 S.W.3d
at 772. 
         However, the party moving for summary judgment under rule 166(a)(i) must
fulfill certain specific procedural requirements and is subject to certain restrictions. 
Tex. R. Civ. P. 166(a)(i); Oasis Oil Corp. v. Koch Ref. Co., 60 S.W.3d 248, 252 (Tex.
App.–Corpus Christi 2001, pet. denied). Among these are that the motion must state
the elements of the claim as to which there is no evidence. Id. It must be specific in
challenging the evidentiary support for a particular element of the claim. Id. It
may be brought only against essential elements of claims on which the
nonmovant would have the burden of proof at trial. Id. Finally, a no-evidence
motion for summary judgment may not be conclusory or a general no-evidence
challenge. Id. This Court strictly construes the requirements of rule 166a(i). Michael
v. Dyke, 41 S.W.3d 746, 751 n.3 (Tex. App.–Corpus Christi 2001, no pet.). 
C. No-Evidence Summary-Judgment Analysis
         In the motion, Diamond Shamrock claims that the "Petition asserts only
contamination claims," without specifying what the challenged claims are or the
specific elements to which the motion is directed. The motion also asserts that the
Rule 11 Agreement permitted Brown to continue to prosecute the case as a trespass
case for water damage, but that "does not mean that she has asserted that claim." 
Further, Diamond Shamrock generally asserted in the motion there was no evidence
they caused any injury to Brown and no evidence "they did anything wrong." These
are merely conclusory allegations. 
          However, the motion also states that even "if Brown does assert a claim for
property damage based on water entering her property, there is no evidence that
Brown's property was damaged by any act of the Diamond Shamrock Parties . . . [and]
Brown's property damage claims fail." Citing Brown's third amended petition, the
motion asserts that the following facts are undisputed: (1) Diamond Shamrock
Refining operates an irrigation site near Three Rivers, Texas through which it disposes
of some of the treated wastewater from its refinery located there; and (2) Brown owns
land adjacent to the irrigation site. Also as an "undisputed fact," the motion asserts
that Brown's damages as alleged arise solely from the migration of contaminants from
the irrigation site onto her property. Thus, Diamond Shamrock concludes, the third
amended petition does not allege any claims that survived the Rule 11 Order. 
         We interpret Diamond Shamrock's argument to be that Brown's allegation in her
third amended petition that contaminants migrated onto her property does not
encompass the claim Brown specifically retained in the Rule 11 Agreement: that
Diamond Shamrock "caused water to enter her property from its irrigation site,
resulting in damage to her property." In her third amended petition, Brown alleged that
Ultramar "and others caused a flow of unspecified liquid to traverse across and
inundate Plaintiff's property." While Brown alleges that the unspecified liquid
"was made up or contained harmful and toxic chemical substances
and hazardous materials," we do not interpret Brown's pleading as narrowly
as Diamond Shamrock suggests. The purpose of a pleading is to give the adverse
party notice of the asserted claims or defenses and the relief sought. Woolam v.
Tussing, 54 S.W.3d 442, 447 (Tex. App.–Corpus Christi 2001, no pet.) (and cited
authorities). The general rule is that we will construe a pleading as favorably as
possible to the pleader. Id. at 448. "Every fact will be supplied that can reasonably
be inferred from what is specifically stated." Id. (quoting Gulf, C. & S.F. Ry. Co. v.
Bliss, 368 S.W.2d 594, 599 (Tex. 1963)). Diamond Shamrock's argument suggests
that the Rule 11 Agreement contemplated a claim Brown had not yet asserted. If that
were the case, the March 25, 2002 Rule 11 Order would have disposed of all claims
in the litigation and, in effect, would have been a final judgment. However, Diamond
Shamrock went on to file the summary-judgment motion under review here, and the
trial court did not sign a final judgment until June 13, 2002. We conclude that
Brown's third amended petition reasonably can be read to infer an allegation of
trespass of wastewater onto her property, a claim that survived the Rule 11
Agreement. See Tussing, 54 S.W.3d at 447.  
         Diamond Shamrock also asserted in the motion for summary judgment there is
no evidence of: (1) damages, arguing that damages are a required element of any
claim for property damage Brown could assert; and (2) causation, arguing that neither
Ultramar or Diamond Shamrock Marketing caused the wastewater to enter Brown's
property. We find that these assertions, while not models of specificity in that
Diamond Shamrock did not direct them to any particular cause of action, adequately
raise no-evidence grounds on the elements of damages and causation. See Dyke,
41 S.W.3d at 751 n.3. We examine each of these elements in turn. 
1. Damages
a. Negligence, Gross Negligence, and Nuisance
         Damages are essential elements of causes of action for negligence and gross
negligence. See Werner v. Colwell, 909 S.W.2d 866, 869 (Tex. 1995). Damages
also are an essential element of a cause of action for nuisance. See Golden Harvest
Co. v. City of Dallas, 942 S.W.2d 682, 689 (Tex. App.–Tyler 1997, pet. denied) ("We
must next examine applicable Texas law regarding the elements of nuisance necessary
to support a claim for damages."). Brown did not respond timely to the summary-judgment motion with any proof of damages. Accordingly, we hold that Diamond
Shamrock is entitled to judgment as a matter of law on Brown's negligence, gross
negligence, and nuisance causes of action. See Tex. R. Civ. P. 166a(i). 
b. Trespass and Continuing Trespass
         Every unauthorized entry is a trespass even if no damage is done. Trinity
Universal Ins. Co. v. Cowan, 945 S.W.2d 819, 827 (Tex. 1997); Gen.
Mills Restaurants, Inc. v. Tex. Wings, Inc.,12 S.W.3d 827, 833 (Tex. App.–Dallas
2000, no pet.). Further, a trespass can be either by entry of a person on another's
land or by causing or permitting a thing to cross the boundary of the premises. City
of Arlington v. City of Fort Worth, 873 S.W.2d 765, 769 (Tex. App.–Fort Worth
1994, writ dism'd w.o.j.) (citing Gregg v. Delhi-Taylor Oil Corp., 344 S.W.2d 411,
416 (Tex. 1961)). Finally, a trespass may be committed on, beneath, or above the
surface of the earth. City of Fort Worth, 873 S.W.2d at 769. 
         Even though Brown did not respond timely with summary-judgment proof that
Diamond Shamrock did any injury by entering her property, she still may be entitled to
nominal damages for the trespass. General Mills Restaurants, Inc.,12 S.W.3d at 833;
see Meyers v. Ford Motor Credit Co., 619 S.W.2d 572, 573 (Tex. Civ. App.–Houston
[14th Dist.] 1981, no writ) ("The law is well settled that a trespasser is liable to the
property owner even though there is no proof of actual damages in any specific
amount."); Henry v. Williams, 132 S.W.2d 633, 634 (Tex. Civ. App.–Beaumont 1939,
no writ) (by alleging and proving trespass, appellants "were entitled, at least, to
nominal damages"). We find that damages are not an "essential element" of the
trespass and continuing-trespass claims on which Brown bears the burden of proof at
trial. See Tex. R. Civ. P. 166a(i). We conclude that the damages elements of Brown's
trespass and continuing-trespass claims are not the proper subject of a no-evidence
motion for summary judgment. See Koch Ref. Co., 60 S.W.3d at 252. Moreover,
Brown sought injunctive relief in her third amended petition. Injunction is a proper
remedy to restrain repeated or continuing trespasses. City of Fort Worth, 873 S.W.2d
at 769. Accordingly, we hold that Diamond Shamrock did not carry its no-evidence
summary-judgment burden to prove its entitlement to judgment as a matter of law on
the damages elements of Brown's claims for trespass and continuing trespass.


 See
Tex. R. Civ. P. 166a(i). 
2. Causation
         Diamond Shamrock limited the no-evidence motion on the causation element of
"any claim for property damage Brown could assert" to Ultramar and Diamond
Shamrock Marketing. On appeal, Diamond Shamrock confirms that the motion did not
seek summary judgment on any other aspect of causation. Brown did not respond
timely to the summary-judgment motion with any proof of causation. Thus, we hold
that Diamond Shamrock is entitled to judgment as a matter of law on Brown's causes
of action for trespass and continuing trespass against Ultramar and Diamond Shamrock
Marketing. See Tex. R. Civ. P. 166a(i). 
         The summary-judgment motion did not address causation grounds with regard
to Diamond Shamrock Refining. Moreover, the summary-judgment motion did not
identify as a disputed fact that Diamond Shamrock Refining operates an irrigation site
through which it disposes of treated wastewater. Nor did the motion dispute that
Brown owns land adjacent to the irrigation site. 
         Nonetheless, the trial court granted summary judgment against Brown on all of
her causes of action against each of the Diamond Shamrock entities, including
Diamond Shamrock Refining. A trial court may not grant summary judgment on a
cause of action the movant did not address in the motion. Black v. Victoria Lloyds Ins.
Co., 797 S.W.2d 20, 27 (Tex. 1990). Accordingly, we hold that Diamond Shamrock
did not carry its no-evidence summary-judgment burden to prove its entitlement to
judgment as a matter of law on causation grounds on Brown's claims for trespass and
continuing trespass against Diamond Shamrock Refining. See Tex. R. Civ. P. 166a(i). 
         We sustain Brown's first issue as it relates to her claims for trespass and
continuing trespass against Diamond Shamrock Refining. We overrule Brown's first
issue as to all other claims. IV. CONCLUSION
         We have overruled Brown's second and third issues and sustained in part and
overruled in part her first issue. We affirm the trial court's summary judgment in favor
of Ultramar Diamond Shamrock Corporation and Diamond Shamrock Refining and
Marketing Company, L.P., on Brown's claims for fraudulent concealment, fraudulent
misrepresentation, negligence, gross negligence, nuisance, trespass, and continuing
trespass. We also affirm the trial court's summary judgment in favor of Diamond
Shamrock Refining Company, L.P. on Brown's claims for fraudulent concealment,
fraudulent misrepresentation, negligence, gross negligence, and nuisance. We reverse
the judgment of the trial court and remand for further proceedings on Brown's claims
of trespass and continuing trespass against Diamond Shamrock Refining
Company, L.P. 
Memorandum Opinion delivered and             ERRLINDA CASTILLO
filed this 12th day of August, 2004.             Justice